PROB 12B
(7/93)

Report Date: March 23, 2006

# United States District Court

### for the

### Eastern District of Washington

```
FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

APR 1 4 2006

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON
```

## Request for Modifying the Conditions or Term of Supervision with Consent of the Offender

*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: John Earl Petersen          Case Number: 2:98CR00081-001

Name of Sentencing Judicial Officer: The Honorable Fred Van Sickle, U.S. District Judge

Date of Original Sentence: 12/17/1998          Type of Supervision: Supervised Release

Original Offense: Conspiracy to Commit Offenses Against the United States, 18 U.S.C. § 371; Money Laundering to Promote Specified Unlawful Activity, 18 U.S.C. § 1956(a)(1); Bank Fraud, 18 U.S.C. § 1344

Date Supervision Commenced: 05/13/2003

Original Sentence: Prison - 108 Months; TSR - 60 Months

Date Supervision Expires: 05/12/2008

## PETITIONING THE COURT

To modify the conditions of supervision as follows:

19. You are directed to disclose proof of all financial matters relating to your aunt, Gunley Petersen, to include your access to her personal banking and to credit accounts.

20. You shall undergo a substance abuse evaluation and, if indicated, enter into and successfully complete an approved substance abuse treatment program, including aftercare, at your own expense. You shall allow full reciprocal disclosure between the supervising probation officer and treatment provider.

21. You shall abstain from the use and consumption of alcohol and shall submit to testing (including urinalysis and Breathalyzer), as directed by the supervising probation officer, but no more than six tests per month, in order to confirm continued abstinence from this substance.

22. You shall not enter into or remain in any establishment where alcohol is the primary item of sale.

Prob 12B
Re: Petersen, John Earl
March 23, 2006
Page 2

## CAUSE

The probation officer believes that the action requested above is necessary for the following reasons:

**Mandatory Condition # 2**: The defendant shall not commit another Federal, state, or local crime.

**Standard Condition #7**: The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician.

**Standard Condition #11**: The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer.

**Violation #1**: John Earl Petersen is considered in violation of his supervised release in the Eastern District of Washington by being arrested for driving while intoxicated on October 18, 2005, in Spokane County, Washington. The offender failed to notify the probation office within 72 hours of this arrest.

According to a police report (provided by the offender), Washington State Patrol made contact with Mr. Petersen on October 18, 2005, at approximately 11:36 p.m., based on a lane change infraction. Upon contact with Mr. Petersen, the officer noticed a strong odor of alcohol coming from inside the vehicle. The officer noticed that the offender's face was red and his eyes were red, watery and droopy. Mr. Petersen initially told the officer that he had "basically nothing," to drink, but later elaborated that he had consumed two or three drinks earlier. After Mr. Petersen failed to adequately perform the field sobriety tests, he was administered a breath analysis on the Portable Breath Testing device. The test result provided a breath sample of .103.

Mr. Petersen has appeared in Spokane County District Court. His next court appearance is scheduled for April 10, 2006. He is represented by Bevan Maxey.

Driving under the influence is considered a gross misdemeanor, punishable by not more than 1 year in jail, and/or a $5,000 fine, according to R.C.W. 46.61.052.

The probation office did not become aware of this arrest until a routine records check was conducted on November 14, 2005. Mr. Petersen was confronted on the same day and reported that he either forgot or was not aware he was to contact this officer within 72 hours of being arrested or questioned by law enforcement.

**Violation #2**: John Earl Petersen is considered in violation of his supervised release in the Eastern District of Washington by being arrested for physical control of a motor vehicle while under the influence of alcohol on June 15, 2005, in Spokane County, Washington. The offender failed to notify the probation office within 72 hours of his arrest.

During a routine records check in November 2005, the probation office became aware this offender was encountered by law enforcement on June 15, 2005, in the Liberty Lake, Washington, area.

The probation office spoke with a Liberty Lake police officer on November 15, 2005, who advised that Mr. Petersen and a female occupant were sitting in the offender's vehicle with the engine running, watching a movie on a portable DVD player. Police indicated Mr. Petersen appeared to be under the influence of alcohol and unsafe to operate a motor vehicle. The police arrested Mr. Petersen for physical control of a motor vehicle while under the influence of intoxicants. The Liberty Lake police officer advised that Mr. Petersen was then transferred to Washington State Patrol for further processing.

On July 15, 2005, this charge was amended to second degree negligent driving and no valid operator's license.

In addition to these driving violations, the offender has incurred three speeding tickets for driving 10 or more miles per hour over the speed limit and for vehicle registration infractions.

Mr. Petersen reports driving a rental vehicle that is paid for by his employer and friend, John Schoof. Mr. Petersen reports an income of $3,250 per month as an assistant to Mr. Schoof, owner of a company called Opt-In Marketing Incorporated. Mr. Petersen indicates he provides Mr. Schoof business counsel. Mr. Schoof provides written verification of monies given to Mr. Petersen. It is unknown how his income will be reported to the Internal Revenue Service.

To Mr. Petersen's credit, he has paid $49,100 toward restitution in this matter. This offender has agreed to make monthly payments of $2,000.

Mr. Petersen resides at a residence owned by his aunt, Gunley Petersen. Mr. Petersen reports that his aunt is currently residing in an assisted living center, while he resides in her home. Since this offender's aunt has been removed from her residence, Mr. Petersen has supervised extensive remodeling of her home. Mr. Petersen reports the remodeling has cost his aunt's estate thousands of dollars. Mr. Petersen advised that his aunt's attorney would provide me a statement acknowledging John Petersen's authorization to use her monies in this fashion. The home is equipped with technical appliances along with virtually all new furniture throughout the residence. Some of these new household appliance have included a large flat-screen television in the front room, a refrigerator equipped with a flat screen television in the door, and flat screen televisions in every bedroom. Mr. Petersen advised although he resides in his aunt's residence, he has remodeled and improved this location for his family.

Based on these factors, the probation office believes the requested modifications to supervised release to be appropriate.

Respectfully submitted,

by _Gloria Petretee_

Gloria M. Petretee
U.S. Probation Officer
Date: March 23, 2006

## THE COURT ORDERS

[ ]   No Action
[ ]   The Extension of Supervision as Noted Above
FvS [X]  The Modification of Conditions as Noted Above
[ ]   Other

_Fred Van Sickle_
Signature of Judicial Officer

_April 14, 2006_
Date

PROB 49
(3/89)

# United States District Court

### Eastern District of Washington

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release or Extend Term of Supervision

    I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

    I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

To modify the conditions of supervision as follows:

19. You are directed to disclose proof of all financial matters relating to your aunt, Gunley Petersen, to include your access to her personal banking and to credit accounts.

20. You shall undergo a substance abuse evaluation and, if indicated, enter into and successfully complete an approved substance abuse treatment program, including aftercare, at your own expense. You shall allow full reciprocal disclosure between the supervising probation officer and treatment provider.

21. You shall abstain from the use and consumption of alcohol and shall submit to testing (including urinalysis and Breathalyzer), as directed by the supervising probation officer, but no more than six tests per month, in order to confirm continued abstinence from this substance.

22. You shall not enter into or remain in any establishment (bars, taverns, hotel lounges, etc.) where alcohol is the primary item of sale.

Witness: _____    Signed: _____
              Gloria M. Petretee                            John Earl Petersen
           U.S. Probation Officer                   Probationer or Supervised Releasee

                                                    4/5/06
                                                    Date